IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Osvaldo Hidalgo and Norma I. Sanchez
individually on behalf of other employees
similarly situated, Plaintiffs
v.
Unicare Building Maintenance, Inc. and Blaine
Saxton, individually, Defendants

## COMPLAINT

Osvaldo Hidalgo and Norma I. Sanchez ("Plaintiffs"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law ("IMWL"), complains against Unicare Building Maintenance, Inc. ("Unicare") and Blaine Saxton ("Blaine") (collectively, "Defendants") and in support of this Complaint, states:

## Introduction

1. Overtime wages are required by the FLSA and the IMWL.

2. This action seeks redress for Defendants' failure to pay Plaintiffs and other similarly situated janitorial employees their earned overtime wages.

3. Plaintiffs and the persons they seek to represent are Defendants' current and former janitorial employees who were not paid their earned overtime wages and were misclassified as independent contractors.

## Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## Facts

7. Defendants operate a janitorial services company called Unicare Maintenance, Inc.

8. Blaine is the owner of Unicare.

9. Unicare is an entity doing business at 18959 S. Wolf Road, Mokena, Illinois 60448.

10. Blaine resides and is domiciled in this judicial district.

11. Blaine is involved in the day-to-day business operations of Unicare and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

12. Unicare is an enterprise as defined by 29 U.S.C. § 203(r)(1).

13. Defendants are engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

14. Defendants had annual gross sales of $500,000.00 or more during the employment period.

15. Defendants were Plaintiffs' "employer" as defined by the FLSA and IMWL.

16. Plaintiffs were Defendants' employees as defined by the FLSA and "IMWL.

17. Plaintiffs' job duties were primarily engaged in Will County which is in this judicial district.

18. During the course of employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce such as cleaning products, equipment, and supplies.

19. Osvaldo Hidalgo worked for Defendants from approximately 2008 to the present.

20. Norma I. Sanchez worked for Defendants from approximately 2008 to the present.

21. Plaintiffs were employed as janitors by Defendants.

## **COUNT I: FLSA Overtime Wage Violation (Collective Action)**

22. Plaintiffs incorporate all paragraphs above as if fully restated below.

23. Plaintiffs' notice of consent to become a party Plaintiffs in a collective action under the Fair Labor Standards Act is attached hereto as Exhibit A.

24. Plaintiffs and other similarly-situated employees were directed by Defendants to work more than forty (40) hours per week.

25. Throughout the course of Plaintiffs' employment with Defendants, Plaintiffs and other similarly situated employees worked more than forty (40) hours weekly in one or more individual work weeks.

26. Defendants did not pay Plaintiffs and other similarly situated employees' overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

27. Defendants paid Plaintiffs and other similarly situated employees their respective regular rate for all hours worked weekly, including hours worked over forty (40) each week.

28. Plaintiffs' wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

29. Neither Plaintiffs nor other similarly-situated employees are exempt from the overtime provisions of the FLSA.

30. Defendants' failure to pay overtime violated the FLSA.

31. Defendants' FLSA violation was willful.

32. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees over forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### COUNT II: IMWL Overtime Wage Violation

33. Plaintiffs incorporate all paragraphs above as if fully restated below.

34. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

35. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

36. Defendants directed employees to work more than forty (40) hours in individual work weeks.

37. Defendants' employees worked more than forty (40) hours in individual work weeks.

38. Defendants did not pay earned overtime wages to their employees.

39. Plaintiffs and other similarly situated employees were not exempt from overtime wages.

40. Defendants violated the IMWL by failing to compensate Plaintiffs and other similarly situated employees consistent with the IMWL's overtime wage provisions.

41. Defendants employed more than forty (40) individuals in similar positions in the State of Illinois in the last three (3) years.

42. Defendants violated the IMWL by failing to pay Plaintiffs and other similarly situated employees' overtime wages for all hours worked in individual work weeks.

43. Pursuant to 820 ILCS 105/12(a), Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Thursday, November 03, 2016

_____
**Valentin T. Narvaez**
Plaintiffs' counsel

Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com